## S. Y. MATTHEWS & SON v. MANNING. (No. 7570.)

(Court of Civil Appeals of Texas. San Antonio. May 12, 1926.)

Judgment ⬱256(1)—Judgment for holder of note against maker, and discharging indorser from liability, held in conflict with jury's verdict that indorser had relinquished note to holder as payment on account.

Judgment in favor of holder of note against maker, and discharging indorser from liability, *held* in conflict with verdict of jury that note was relinquished by indorser to holder as payment on account, and court was without authority to discharge indorser from obligation thereon.

Appeal from Dallas County Court, at Law; Paine L. Bush, Judge.

Suit by S. Y. Matthews & Son, a partnership, against Lloyd R. Manning and another. From the judgment, plaintiffs appeal. Reversed and remanded.

Clark & Clark, of Dallas, for appellants.
Church, Read & Bane, of Dallas, for appellee.

SMITH, J. S. Y. Matthews and J. P. Matthews, a partnership, brought this suit against Lloyd R. Manning and J. E. Buckley, alleging that Manning owed them $496.83 on open account, for which they prayed judgment, and alleging that Manning deposited with the creditor Buckley's note, indorsed by Manning, for $456.50, as collateral to secure the payment of the account. The partnership prayed for judgment against Manning for the amount of the account, and in the alternative for judgment against Manning and Buckley on their note. Buckley filed no answer, but defaulted, and Manning filed an answer setting up a number of defenses, but admitted and alleged that the note in question was not delivered to the

---

⬱For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

creditors as collateral, but absolutely, to be credited on the account sued on. The jury found that the note was in fact relinquished to Matthews as payment upon the account. The jury also found that Manning had given Matthews his check for $217, which was accepted by Matthews "in full satisfaction of all plaintiff's claim." Upon these findings the court rendered judgment in favor of Matthews and against Buckley, the maker of the note in question, for the amount of the note, including interest and attorney's fees, but further that Matthews take nothing, by reason of the note or otherwise, against Manning, the debtor and the indorser of the note. Matthews has appealed.

No explanation is afforded by the record of the court's action in discharging Manning from liability in the case. The jury found that he indorsed the Buckley note and delivered it to appellant to be applied as a payment upon the latter's account against Manning. This being the case, the court was without authority to discharge Manning from the obligation. We cannot infer that he did so upon the finding that Manning's payment of $217, was in satisfaction of Matthews' claim, since the court held Buckley upon the note. If satisfaction was made by Manning, it of course inured to Buckley. If any other fact in the record tended to discharge Manning, it is not reflected in any jury finding. The whole record is in confusion, which is not dissipated by appellants' brief, and appellee has filed no briefs.

The judgment is in conflict with the verdict of the jury, and this error, being fundamental, must be noticed.

The judgment is reversed, and the cause remanded.